## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br>ARTHUR B. GATEWOOD<br><br>Debtor(s). | *<br><br>*   Case No. 18-12556-BLS<br>   Chapter 13<br>* |

|  |  |
|---|---|
| | * |
| U.S. BANK TRUST NATIONAL<br>ASSOCIATION, AS TRUSTEE OF THE<br>SCIG SERIES III TRUST, BY ITS<br>AUTHORIZED AGENT BSI FINANCIAL<br>SERVICES, INC.<br>     Movant.<br>  v.<br>ARTHUR B. GATEWOOD, Debtor,<br>Keisha L. May, Co-Debtor,<br>Michael B. Joseph, Trustee,<br>     Respondents. | *<br><br>*<br><br>*<br><br>*<br><br>*<br><br>* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## STIPULATION REGARDING MOTION FOR RELIEF FROM AUTOMATIC STAY AND REQUEST FOR ADEQUATE PROTECTION

The parties have agreed to this Stipulated Order by and among Arthur B. Gatewood (hereinafter "the Debtor(s)") and U.S. Bank Trust National Association, as Trustee of the SCIG Series III Trust, by its authorized agent BSI Financial Services, Inc. (hereinafter "the Movant"), through their respective counsel, as follows:

### BACKGROUND

1.    The Debtor(s) are the real and registered owners of certain real estate situated at 13 Printz Drive, Bear, DE 19701 (hereinafter "the Mortgaged Property") and currently are in possession of same.

File No.: DE20180000414

Case 18-12556-BLS   Doc 40   Filed 09/04/19   Page 2 of 7

2.      Movant is a creditor of the Debtor(s) as evidenced by the certain Note in the principal amount of $178,589.00 (hereinafter "the Note") which currently requires the Debtor(s) to make monthly payments in the amount of $891.85.

3.      The Debtor(s) executed a Mortgage dated May 20, 2005 (hereinafter "the Mortgage") securing the Note in favor of Movant's interests in the Mortgaged Property.

4.      On about November 6, 2018 (hereinafter "the Filing Date"), the Debtor(s) filed a voluntary Petition for Relief Pursuant to Chapter 13 of the United States Code (the "Bankruptcy Code"). Michael B. Joseph was appointed Chapter 13 Trustee.

5.      The Debtor(s) are in default of the Note and the Mortgage obligation to Movant and they have failed to make full payment of the Note and Mortgage that have come due for the months of **March 1, 2019** through and including **August 1, 2019.**

6.      The Debtor(s) post-petition payments to Movant fell into arrears and Movant has filed its Motion for Relief from Stay on April 23, 2019.

7.      The parties to this Stipulated Order recognize the cost, inconvenience and uncertainty associated with pursuing and defending the Motion for Relief from the Automatic Stay and instead desire to settle their disputes on the terms and conditions set forth in this Stipulated Order.

NOW THEREFORE, with the foregoing Background deemed incorporated herein by reference as if set forth at length, the parties hereto, intending to be legally bound by this Stipulated Order, and in consideration of the mutual covenant and terms contained herein, agree as follows:

8.      Determination of the Movant's Motion is hereby stayed until the Debtor(s) perform, observe and/or fully comply with any covenant, term, or condition contained in this

File No.: DE201890000414

stipulation, including without limitation, the performance of payments called for by paragraphs 10 and 11 of this Stipulation.

       9.    The arrears and costs are calculated as follows:

| | |
|---|---|
| Payments for<br>03/2019 to 08/2019 at the rate of $891.85 | $ 5,351.10 |
| Less suspense balance | ($ 792.93) |
| Filing Fee | $ 181.00 |
| MFR Attorney's Fees | $ 400.00 |
| Total to be paid by Stipulation | $ 5,139.17 |

       10.    Within fifteen (15) days, the Debtor shall file with the Court a Modified Plan to include the post-petition arrears in the amount of $5,139.17 over the remaining period of the Plan. Debtor shall begin paying to the Chapter 13 Trustee and amount sufficient to cure these post-petition arrears when their next Trustee payment falls due following the entry of this Order. Approval by the Court of this Stipulation shall be deemed an allowed claim in the amount of $5,139.17 for plan distribution purposes. All payments shall be sent to the following address: 314 S. Franklin Street, 2nd Floor, Titusville, PA 16354. Movant may file a supplemental Proof of Claim for the said post-petition arrears if so desired.

       11.    The Debtor shall begin making regular monthly payments in the amount of $891.85 subject to adjustment for taxes and insurance as due under the Note beginning on September 1, 2019 and shall timely make all subsequent payments required pursuant to the Note until the Note is paid in full; and

       12.    The following shall be Events of Default under this Stipulated Order and under the Note and Mortgage:

File No.: DE201808000414

(a)    the occurrence of a default under the Note, as modified herein, and Mortgage including the failure to make monthly payments to Movant pursuant to the terms of the Note, as modified herein, and Mortgage; and

(b)    Debtors' failure to perform, observe, or fully comply with any covenant, term or condition contained in the Stipulated Order including, without limitation, the failure to make any payment called for by paragraphs 10 and 11 of this Stipulated Order.

13.    Beginning on the date that this Order is entered on the docket and continuing for the life of the Bankruptcy should Debtors default in payment of any sums specified above or in any regular monthly mortgage payments which come due to Movant for the strict compliance period specified herein, upon the occurrence of an Event of Default and ten (10) days' notice to Debtor(s) and their counsel as set forth in paragraph 11 above and Debtors' failure to cure said Event of Default within 10 days of the receipt of said Notice of Default, Relief from Stay will be lifted without further hearing, and Movant may, at its option, exercise any or all of the following rights and remedies:

(a)    declare all existing liabilities, indebtedness, and obligations of the Debtors to Movant immediately due and payable, including, but limited to, interest, principal, expenses, advances to protect Movant's interest in the Mortgaged Property, and reasonable counsel fees to enforce this Stipulated Order of the Note and Mortgage, all without demand, notice, or any further actions;

(b)    institute any legal proceedings available to Movant for the purpose of recovering any damages suffered by Movant as a result of Debtors' breach of this Stipulated Order;

(c)    take any and all actions necessary to foreclose upon the Mortgaged Property; and/or

(d)    exercise any other right or remedy available under applicable law.

(e)    All of the above items "a" through "d" shall be in rem actions only against the property.

File No.: DE201800000414

14.    It is further agreed that if the Debtor defaults pursuant to the terms of this Order on more than two (2) occasions, the Debtor shall not be entitled to bring the account current pursuant to paragraph 13 of this Order and Creditor may proceed with foreclosure proceedings immediately, notwithstanding the reference to the ten (10) day cure period referenced herein.

15.    All notices required or desired to be given to the Debtor(s) hereunder shall be in writing and shall be deemed to have been given when notice is (i) personally delivered to Debtor(s) and their counsel or (ii) sent by United States First Class Mail, postage prepaid to Debtor(s) at their address set forth below and sent by United States First Class Mail, postage prepaid to Debtor(s) counsel at the address and number set forth below:

Arthur B. Gatewood
13 Printz Drive
Bear, DE 19701
Debtor

Keisha L. May
13 Printz Drive
Bear, DE 19701
Co-Debtor

Vivian A. Houghton
800 West Street, 1st Floor
Wilmington, DE 19801-1526
Attorney for Debtor

Any notice of a change in the foregoing addresses shall be sent to counsel for Movant.

16.    This Stipulated Order shall be binding upon the parties hereto, their respective heirs, successors, assigns, executors, administrators and legal and personal representatives, regardless of whether the Debtor's bankruptcy case is converted or dismissed and shall be binding upon any trustee appointed to the case. Confirmation of any plan or reorganization filed in Debtor's bankruptcy case shall not alter, amend, modify, or otherwise affect any term, covenant, or condition of this Stipulated Order without the prior written consent of Movant.]

File No.: DE201800000414

17.     Nothing herein nor any delay on the part of Movant in the exercise of any right or remedy hereunder shall operate or be construed as a waiver of any of Movant's rights hereunder.

18.     This Stipulated Order may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute but one and the same instrument.

19.     It is expressly understood and agreed that the execution and entry of this Stipulated Order shall in no way constitute a waiver of the Debtor(s) right to propose a plan of reorganization which seeks to impair Movant's claim or right to any plan of reorganization proposed or filed by the Debtor(s).

IN WITNESS WHEREOF, the parties hereto have authorized their respective counsel to execute this Stipulated Order on their behalf and have caused the Stipulated Order to be executed.

Dated: 9 - 3 , 2019

Respectfully submitted.

Stern & Eisenberg Mid-Atlantic, PC

/s/ Lisa Hatfield
Lisa Hatfield DE BAR# 4967
500 Creek View Road
Suite 304
Newark, DE 19711
(302) 731-7200
lhatfield@sterneisenberg.com

Dated: 9 - 3 " 2019

Vivian A. Houghton
800 West Street, 1st Floor
Wilmington, DE 19801-1526
Counsel for Debtor

File No.: DE201800000414

The Trustee has read this Stipulated Order and consents to the terms thereof.

Dated: _____9-4_____, 2019

_____
Michael B. Joseph
824 Market Street
PO Box 1351
Wilmington, DE 19899-1351
Chapter 13 Trustee

APPROVED AND SO ORDERED this _4th_ day of _Sept_, 2019.

BY THE COURT: _____
United States Bankruptcy Judge

File No.: DE201800000414